John E. FOSTER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 592, 2007.

Supreme Court of Delaware.

Submitted: Sept. 3, 2008.
Decided: Oct. 24, 2008.

Kevin J. O'Connell, Office of the Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

STEELE, Chief Justice.

A Superior Court jury convicted John E. Foster, defendant-appellant, of burglary second degree and robbery second degree. Foster makes three arguments on appeal. First, he argues that his due process rights were violated when the prosecutor referred to the television show *"CSI"* in his opening statement. Second, Foster contends that the trial judge abused her discretion when she admitted the testimony of the complaining witness's sister about statements the complaining witness made to his sister the evening the crimes occurred. Finally, Foster argues that the trial judge committed plain error when she admitted the complaining witness's out-of-court statements pursuant to 11 *Del. C.* § 3507.

We conclude: (1) that the prosecutor's reference to *CSI*, although improper, did not rise to the level of plain error; (2) that the trial judge acted appropriately within her discretion when she admitted the testimony of the complaining witness's sister because the complaining witness's statements to his sister constituted an excited utterance under Delaware Rules of Evidence 803(2); and (3) that Foster waived his argument that the State failed to establish the predicate foundation for admission of a statement pursuant to § 3507. Even if Foster did not waive this argument, the trial judge properly exercised her discretion when she admitted the statement; Foster's claim of plain error fails. Therefore, we affirm.

## FACT AND PROCEDURAL BACKGROUND

In the early morning hours of March 28, 2007, Foster burglarized Bruce Flickenger's home and robbed him. Flickenger is a mentally handicapped adult who, at the time of the incident, lived alone in an independent living condominium. Flickenger was in bed watching television when Foster broke and entered through Flickenger's bedroom window. Foster demanded money, and Flickenger gave him twenty dollars. Because Foster disabled Flickenger's phone before leaving, Flickenger sought help across the street at Robert McRedmond's house. Flickenger told McRedmond what happened and called the police to report the incident. Officer Mi-

chael Watson interviewed Flickenger, and afterwards, contacted Flickenger's sister, Jacqueline Marshallsea. When Marshallsea arrived at McRedmond's house to pick up her brother, Flickenger told her about the incident. Later that morning at Newark Police Headquarters, Detective Joseph Conover interviewed Flickenger who identified Foster from a photograph line-up.

At trial, the judge admitted Flickenger's statements made to McRedmond, Marshallsea, Officer Watson, and Officer Conover. In addition, the State referred to the television show "*CSI*" during its opening statement. The jury convicted Foster, and he was declared a habitual offender, pursuant to 11 *Del. C.* § 4214(a). Later, the trial judge sentenced Foster to eighteen years of incarceration. This appeal followed.

### DISCUSSION

Foster, argues that the State's reference to the television show *CSI* in its opening remarks "so denigrated the reasonable doubt standard as to constitute plain error." Because he did not object to this reference during trial, we review only for plain error.[1] "[T]he doctrine of plain error is limited to material defects that are apparent on the face of the record, are basic, serious, and fundamental in their character, and clearly deprive an accused of a substantial right, or clearly show manifest injustice."[2] In order for reversal, "the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[3]

During the State's opening statement, the prosecutor mentioned several respects in which he believed fictional trials on television differ from the trial the jury would witness, including: (1) "everything in the courthouse in Hollywood always happens on time and it happens very quickly;" (2) "lawyers in Hollywood, when they stand up and talk to juries, never trip over their words and are always perfectly eloquent;" and (3) "[i]n Hollywood when witnesses testify, their memory is perfect unless it would be dramatic for somebody to forget something right now." The prosecutor also opined:

> Hollywood trials, and particularly *CSI*, a show that you're doubtless familiar with, always have all kinds of glitzy scientific evidence. Half of that stuff is fictional and doesn't really exist, and the other half of it is evidence which, frankly, we don't see in every criminal case. And in this particular criminal case there is no forensic evidence of value, meaning no scientific evidence of value.

At trial, Foster did not object to the prosecutor's *CSI* reference. On appeal, Foster argues that the State referred to the "television expectation" to convince the jury preemptively to ignore the State's lack of physical evidence. Foster contends that the prosecutor violated his right to due process by disparaging the reasonable doubt standard.

We have addressed the issue of whether prosecutorial references to *CSI* are prejudicial in several cases.[4] In *Morgan v. State*, the prosecutor stated: "This is not *CSI* Las Vegas or *CSI* New York where police do all sorts of different tests all the

1. *See, e.g., Morgan v. State,* 922 A.2d 395, 401 (Del.2007); *Wilson v. State,* 950 A.2d 634, 641 (Del.2008); *Morris v. State,* 795 A.2d 653, 657 (Del.2002); *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.1986).

2. *Baker v. State,* 906 A.2d 139, 154 (Del.2006).

3. *Morgan,* 922 A.2d at 402.

4. *See, e.g., Morgan,* 922 A.2d 395; *Mathis v. State,* 2006 WL 2434741 (Del.Supr.); *Boatswain v. State,* 2005 WL 1000565 (Del.Supr.).

time. It's fact specific. In this case it wouldn't have worked. So why do it?"[5] The defense attorney did not object, and on appeal, claimed "that the prosecutor's reference to the *CSI* televisions shows 'trivialized the reasonable doubt standard of proof.' "[6] We held as follows:

> In this case, the prosecution argued that there was no need to perform the type of tests that are seen on certain *CSI* television shows because those tests would not have worked. That argument is not supported by any record evidence of the tests that were available or why performing those tests would have been to no avail. Accordingly, a timely defense objection to those comments would have undoubtedly been sustained. In the absence of a timely objection, however, we hold that Morgan, like the defendant in *Mathis*, failed to demonstrate that the prosecutor's comments constituted plain error.[7]

We reached a similar conclusion in *Mathis v. State*, where we found that the statements made by the prosecutor would not "mislead the jury into any confusion over the State's burden of proof or trivialize or disparage the Constitutional standard of reasonable doubt. The opening statement only reminded the jury that this case was about real people, not actors."[8] In the first so-called "television reference" case, we also found no plain error.[9]

The prosecutor's statement in the case at bar is similar to the prosecutor's statements in *Morgan*.[10] We held in *Morgan* that: "Proper analogies that are based upon common knowledge have long been recognized as a proper form of effective and persuasive oral advocacy. However, no form of argument by analogy or otherwise can suggest that a jury base its decision upon substantive facts that are not in evidence."[11] Prosecutors represent all the people, including the defendant and, in seeking justice, must not misrepresent the evidence.[12]

Here, the prosecutor argued that the evidence typically seen on *CSI* is either "fictional and doesn't really exist" or is not available in every criminal case in Delaware. Because that argument is not supported by any record evidence, "a timely defense objection to those comments would have undoubtedly been sustained."[13] Nevertheless, Foster did not object at trial, and we hold that the prosecutor's comments did not denigrate the reasonable doubt standard and therefore do not constitute plain error.

Foster's next argument concerns the admission of the complaining witness's out of court statements. We review a trial judge's evidentiary rulings for an abuse of discretion.[14] "An 'excited utterance' is a firmly rooted exception to the hearsay rule," and we review a trial judge's "decision to admit or exclude evidence based on

---

5. *Id.* at 401.

6. *Id.*

7. *Id.* at 403.

8. *Mathis*, 2006 WL 2434741, at *4.

9. *Boatswain*, 2005 WL 1000565, at *3.

10. *Morgan*, 922 A.2d 395.

11. *Id.* at 402–03.

12. *Wilson v. State*, 950 A.2d 634, 640 (Del. 2008) (quotation marks omitted); *see also*

*Taylor v. State*, 827 A.2d 24, 27 (Del.2003) (recognizing the prosecutor's unique position within the criminal justice system and ... the [prosecutor's] dual obligation to present the State's case 'with earnestness and vigor' while discharging 'his duty to see that justice be done by giving defendant a fair and impartial trial.' ").

13. *Id.* at 403.

14. *Tice v. State*, 624 A.2d 399, 401 (Del.1993).

**530**

hearsay for abuse of discretion." [15] A statement must satisfy three requirements to be admissible under the excited utterance exception: "(1) the excitement of the declarant must have been precipitated by an event; (2) the statement being offered as evidence must have been made during the time period while the excitement of the event was continuing; and (3) the statement must be related to the startling event." [16]

The trial judge did not abuse her discretion when she admitted Marshallsea's statement regarding what her brother, Flickenger, told her concerning the robbery. Flickenger's statement meets the first and third requirements to the excited utterance exception because the incident excited him and the statement related to the crimes. Although Foster contends that the passage of time places the statement outside of the exception because it fails the second requirement, this argument lacks merit. "While the amount of time that has elapsed from the occurrence of the event or condition is a factor to consider in the analysis, it is not solely determinative." [17] The State sufficiently established, as Rule 803 requires, that Flickenger made the statement under a state of excitement caused by the stress of the incident. There is testimony that Flickenger was terrified, pale, and shaken at the time he made the statement. Moreover, Marshallsea testified that her brother kept repeating himself. It is reasonable to conclude that these signs and symptoms were sufficient for the trial judge to find that Flickenger was in an excited state caused by the incident. Because the lapse of time is not determinative and sufficient evidence supports the trial judge's ruling, we find no abuse of discretion.

Foster also argues that the trial judge committed plain error by admitting Flickenger's out-of-court statements because the State's proffer did not comply with 11 *Del. C.* § 3507. The record reflects that when the prosecutor indicated that he intended to introduce Flickenger's statements through Officers Watson and Conover "at the same time," the trial judge asked: "Are you both satisfied that satisfies the 3507 requirements?" Defense counsel responded, "I still am, just as I was with McRedmond." After the officers testified and their statements were admitted into evidence, defense counsel did not object. Foster has waived his § 3507 lack of foundation argument. Further, even assuming no waiver, there was no "plain error" under these circumstances.

### CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is affirmed.

---

**15.** *Nalley v. State,* 2007 WL 2254539, at \*2 (Del.).

**16.** *Gannon v. State,* 704 A.2d 272, 274 (Del. 1998).

**17.** *Culp v. State,* 766 A.2d 486, 490 (Del. 2001).