IN THE MATTER OF THE PETITION OF JOHN E. FOSTER FOR A WRIT OF MANDAMUS.
No. 14, 2010.
Supreme Court of Delaware.
Submitted: January 25, 2010.
Decided: February 5, 2010.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
Randy J. Holland, Justice.
This 5th day of February 2010, it appears to the Court that:
(1) The petitioner, John E. Foster, seeks to invoke this Court's original jurisdiction to issue an extraordinary writ of mandamus[1] to direct the Superior Court to grant his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The State of Delaware has filed an answer requesting that Foster's petition be dismissed. We find that Foster's petition manifestly fails to invoke the original jurisdiction of this Court. Accordingly, the petition must be dismissed.
(2) The record reflects that, in September 2007, Foster was found guilty by a Superior Court jury of Burglary in the Second Degree and Robbery in the Second Degree. The Superior Court later sentenced Foster as a habitual offender to eighteen years incarceration at Level V, to be followed by decreasing levels of supervision. Foster's convictions were affirmed by this Court on direct appeal.[2]
(3) On February 18, 2009, Foster filed a motion for postconviction relief, which the Superior Court referred to a Commissioner. On October 1, 2009, the Commissioner filed a report recommending that Foster's postconviction motion be denied. On January 19, 2010, the Superior Court filed its order adopting the Commissioner's report and recommendation.
(4) A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[3] As a condition precedent to the issuance of the writ, the petitioner must demonstrate that a) he has a clear right to the performance of the duty; b) no other adequate remedy is available; and c) the trial court has arbitrarily failed or refused to perform its duty.[4] This Court does not have jurisdiction to instruct the Superior Court how to manage its docket or to compel the Superior Court to decide a matter in a particular way.[5]
(5) Because the Superior Court has issued its order adopting the Commissioner's report and recommendation, Foster's petition is now moot. There is, therefore, no basis for the issuance of a writ of mandamus in this case.
NOW, THEREFORE, IT IS ORDERED that Foster's petition for a writ of mandamus is DISMISSED.[6]
NOTES
[1] Del. Const. art. IV, §11(6); Supr. Ct. R. 43.
[2] Foster v. State, 961 A.2d 526 (Del. 2008).
[3] In re Bordley, 545 A.2d 619, 620 (Del. 1988).
[4] Id.
[5] Id.
[6] Foster's request for the appointment of counsel, filed in this Court first on January 25, 2010 and then again on January 26, 2010, is hereby denied as moot.