IN THE SUPREME COURT OF THE STATE OF DELAWARE

DOMINIQUE TISINGER, § 
§ No. 198, 2024
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1510007181 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: June 18, 2025
Decided: July 22, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), counsel's supplemental Rule 26(c) brief, the appellee's response, and the Superior Court record, it appears to the Court that:

(1)    In December 2015, a Superior Court grand jury indicted the appellant, Dominique Tisinger, for possession of a firearm by a person prohibited, possession of ammunition by a person prohibited, carrying a concealed deadly weapon, resisting arrest, and attempted third-degree escape. Following a one-day bench trial, the Superior Court found Tisinger guilty on all counts and ordered a presentence investigation. Before sentencing, the State dismissed the attempted third-degree

escape charge. On October 7, 2016, the Superior Court sentenced Tisinger to an aggregate of ten years of unsuspended incarceration, followed by decreasing levels of community supervision.[1]

(2)     The evidence presented at trial established the following. The morning of October 12, 2015, Wilmington Police Department Officer Steven Parrott was dispatched to the intersection of Lancaster Avenue and Union Street in Wilmington, Delaware, in response to 911 calls claiming that a man was, in Officer Parrott's words, "waving a gun around threatening people."[2] The State introduced a 911 call placed by a female who excitedly told the dispatcher that a black male and a white male had chased her from the KFC on Lancaster Avenue across the street to the Auto Zone. The caller described the black male, who continued to pursue her, as wearing a black hoodie and white jeans and wielding a gun with a black handle. At Auto Zone, a witness (the "Auto Zone Witness") told Officer Parrott that she had seen "a man armed with a gun [that he had been] waving . . . around."[3] The Auto Zone Witness described the man as wearing a black hoodie and white jeans and walking

---

[1] Following Tisinger's 2016 sentencing, trial counsel did not file a notice of appeal. Tisinger then timely moved for postconviction relief, arguing that trial counsel was ineffective for, among other things, failing to file a notice of appeal on his behalf. The Superior Court agreed on this point and vacated its sentencing order. *State v. Tisinger*, 2024 WL 1757229 (Del. Super. Ct. Apr. 23, 2024). On May 13, 2024, the Superior Court resentenced Tisinger to his original sentence, with slight modifications to its probationary terms. This appeal followed.

[2] App. to Rule 26(c) Br. at A59.

[3] *Id*. at A62.

with a white male in the area of the Save A Lot grocery store, farther east on Lancaster Avenue.

(3) Officer Parrott responded to the Save A Lot parking lot and observed a man wearing a black hoodie and white jeans walking with a white male on the opposite side of the street. Officer Parrott followed the men in his marked police vehicle and pulled up alongside them. At the same time, backup officers Detective Robert Fox and Detective Charles Puit pulled up behind Officer Parrott in their unmarked Crown Victoria. Officer Parrott ordered the men to stop. The man in the white jeans and black hoodie—later identified as Tisinger—fled. All three officers exited their vehicles. As Tisinger ran, Detective Puit observed him pull a small black handgun from his waistband and fling it over a fence into a nearby backyard. Detective Puit immediately secured the handgun while Detective Fox and Officer Parrott returned to their respective vehicles and pursued Tisinger. Tisinger's efforts to evade the officers were unsuccessful, and he was arrested. After ascertaining Tisinger's identity, the police learned that he was a person prohibited from possessing a firearm.

(4) On appeal, counsel filed a brief and a motion to withdraw under Rule 26(c). Counsel asserted that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Tisinger of the provisions of Rule 26(c), provided him with a copy of the motion to withdraw

3

and a draft of the accompanying brief, and informed him of his right to supplement his attorney's presentation. Tisinger raised issues for the Court's consideration, which counsel attached to the Rule 26(c) brief. Specifically, Tisinger argued that (i) the prosecution withheld exculpatory information in violation of *Brady v. Maryland*;[4] and (ii) the Superior Court improperly admitted hearsay evidence at trial. The State responded to the Rule 26(c) brief and moved to affirm the Superior Court's judgment.

(5) The Court granted counsel's motion to withdraw and appointed new counsel ("Substitute Counsel"). Substitute Counsel filed a brief and a motion to withdraw under Rule 26(c), asserting that he, too, could not identify any arguably appealable issues after a complete and careful examination of the record. The Court then asked Substitute Counsel to specifically address Tisinger's argument that the Superior Court improperly admitted hearsay evidence at trial. Substitute Counsel submitted a supplemental brief, arguing that the Superior Court did not improperly admit hearsay evidence at trial. The State has responded to Substitute Counsel's briefs and has moved to affirm the Superior Court's judgment.

(6) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious

---

[4] 373 U.S. 83 (1963).

examination of the record and the law for claims that could be arguably raised on appeal.[5] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(7)    In response to Substitute Counsel's Rule 26(c) brief, Tisinger has not submitted any points for this Court's consideration. We nevertheless incorporate the arguments that Tisinger raised in response to his original attorney's Rule 26(c) brief and address them here.

(8)    Tisinger first argues that the prosecution withheld exculpatory *Brady* information. At Tisinger's preliminary hearing, Officer Parrott testified that the Auto Zone Witness identified Tisinger by name. Tisinger claims that the prosecution's failure to disclose the Auto Zone Witness's name was a *Brady* violation. We review Tisinger's *Brady* claim for plain error because it was not raised below.[7] "A *Brady* violation occurs where the State fails to disclose material evidence that is favorable to the accused, because it is either exculpatory or impeaching, causing prejudice to the defendant."[8] There is no plain error here

---

[5] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[6] *Penson*, 488 U.S. at 81–82.
[7] Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented.").
[8] *Wright v. State*, 91 A.3d 972, 977 (Del. 2014).

because Tisinger does not explain either how the State's disclosure of the Auto Zone Witness's name would have been favorable to his defense or how he was prejudiced by the State's failure to disclose her identity.[9]

(9) Tisinger next argues that the Superior Court improperly admitted the Auto Zone Witness's out-of-court statements. We review a trial court's evidentiary rulings for an abuse of discretion.[10] In Delaware, hearsay—defined by Delaware Rule of Evidence 801 as an out-of-court statement that a party "offers in evidence to prove the truth of the matter asserted in the statement"[11]—is generally not admissible.[12] Here, defense counsel objected when the State began questioning Officer Parrott about the Auto Zone Witness's out-of-court statements. The trial court then indicated that it would not consider the statements for the truth of the matter asserted. "A judge, sitting as a trier of fact, is presumed to have made [her] verdict only on the admissible evidence before [her] and to have disregarded that which is inadmissible."[13] Here, Tisinger is unable to rebut the presumption that the trial judge considered the Auto Zone Witness's statement as anything other than "information received" that led Officer Parrott to respond to the nearby Save A Lot

---

[9] *See id.* at 988 (noting that the three components of a *Brady* violation are: (i) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (ii) that evidence is suppressed by the State; and (iii) its suppression prejudices the defendant).

[10] *Foster v. State*, 961 A.2d 526, 529 (Del. 2008).

[11] D.R.E. 801(c).

[12] D.R.E. 802.

[13] *Kurzmann v. State*, 903 A.2d 702, 709 & n. 7 (Del. 2006) (citation modified).

parking lot.[14]  Accordingly, the admission of the Auto Zone Witness's statements was not reversible error.

(10)   The Court has reviewed the record carefully and has concluded that Tisinger's appeal is wholly without merit and devoid of any arguably appealable issues.  We are also satisfied that Tisinger's counsel has made a conscientious effort to examine the record and the law and has properly determined that Tisinger could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

---

[14] *See Sanabria v. State*, 974 A.2d 107, 109 (Del. 2009) ("The State's interest in providing the jury with a background context for the officer's actions could have been accomplished by referring to 'information received.'").